# **EXHIBIT GROUP A-4**

**Amendments to Deed of Trust**

**After Recording Return To:**
RH FUND XXII, LLC
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169

# SIXTH MODIFICATION OF DEED OF TRUST

THIS SIXTH MODIFICATION OF DEED OF TRUST (this "**Modification**") is made effective as of _____, 2022, by and between DRALA MOUNTAIN CENTER (F/K/A SHAMBHALA MOUNTAIN CENTER), a Colorado non-profit corporation ("**Grantor**"), and RH FUND XXII LLC, a Nevada limited liability company (the "**Beneficiary**").

## RECITALS

A. On or about July 29, 2015, the Grantor executed and delivered to Wells Fargo Bank, National Association ("**Wells Fargo**") that certain Consolidated Promissory Note with a principal balance of $4,150,000.00 (as from time to time modified, amended, extended and forbeared prior to the date hereof, the "**Original Note**").

B. The Original Note is secured, in part, by that certain Deed of Trust from Shambhala USA (f/k/a Shambhala International (Vajradhatu)) ("**Shambhala USA**") as grantor in favor of the Public Trustee of Larimer County, Colorado as the Trustee, for the benefit of Wells Fargo recorded December 20, 2005, at Reception No. 2005-0108162 of the real property records of Larimer County, Colorado, as amended and modified by the Modifications of Deed Of Trust recorded August 6, 2015 at Reception No. 20150052007 (the "**2015 Modification of Deed of Trust"**), August 1, 2017 at Reception No. 20170051157, November 21, 2018 at Reception No. 20180070782, May 29, 2019 at Reception No. 20190028390, and August 8, 2019 at Reception No. 20190045995 and that certain Deed of Trust from Shambhala USA as grantor in favor of Wells Fargo as Beneficiary and the Public Trustee of Larimer County, Colorado as the Trustee recorded September 23, 2014, at Reception No. 20140053833 (collectively the "**Deed of Trust**") granting a security interest in the real property located in Larimer County, Colorado, at 4921 County Road 68C, Red Feather Lakes, Colorado 80545 and as more particularly described in the Deed of Trust (the "**Property**").

C. On or about May 11, 2021, Wells Fargo assigned, among other things, the Deed of Trust to Beneficiary.

D. On February 28, 2022 (the "**Petition Date**"), Grantor filed voluntary petition for relief under subchapter V of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, in the United States Bankruptcy Court for the District of Colorado (the "**Bankruptcy Court**"), styled as *In re Drala Mountain Center (f/k/a Shambhala Mountain Center)*, Case No. 22-10656-JGR (the "**Bankruptcy Case**").

E. During the course of the Bankruptcy Case, Grantor has asserted that the 2015 Modification of Deed of Trust and each subsequent modification of the Deed of Trust incorporated unintended and erroneous amendments to the legal descriptions of the parcels within the encumbered Property. Specifically, the 2015 Modification of Deed of Trust erroneously excluded from the encumbered Property

the **"Campfire Council Parcel"** [NW ¼ of NW ¼ 23-9-73] and the **"Mildred Mason Parcel"** [NE ¼ of NW ¼ 23-9-73] and erroneously included in the encumbered Property the **"Shambhala USA Parcel"** [NE 1/4 of SW 1/4 23-9-73 and N 1/2 OF SE 1/4 23-9-73].

E.    Pursuant to the *Debtor's Plan of Reorganization* [Docket No. __] (the "**Plan**"), which was approved by the Bankruptcy Court pursuant to the [*Order Confirming Debtor's Plan of Reorganization*] [Docket No. __] (the "**Confirmation Order**"), Grantor and Beneficiary are (i) entering into a Restructuring Agreement, dated as of even date herewith (as amended, restated, supplemented, or otherwise modified from time to time, the "**Restructuring Agreement**") and (ii) amending and restating the terms of the Note by entering into an Amended and Restated Promissory Note dated as of even date herewith (as amended, restated, supplemented, or otherwise modified from time to time, the "**Restructured Note**").  In connection with the Restructured Note, the parties desire to, in part, revise the description of the Property to include the Campfire Council Parcel and the Mildred Mason Parcel, and to remove and release the Shambhala USA Parcel.

F.    The parties hereby desire to amend the Deed of Trust to incorporate the terms of the Restructured Note, and make other changes as set forth more specifically herein. Terms not defined herein shall be as defined in the Deed of Trust.

## AGREEMENTS

Now, therefore in consideration of the terms and conditions of this Modification, Grantor and Beneficiary agree as follows:

1. Maturity Date.  The Maturity Date of the Original Note has been extended to the "Maturity Date" as defined in the Restructured Note, which such maturity date may be further extended without modification to the Deed of Trust.

2. Continued Lien.  Grantor hereby acknowledges and agrees that the Deed of Trust, as herein amended, shall continue to secure the Restructured Note, in the same priority position as the Original Note.  Grantor further acknowledges that this Modification does not amend, modify or otherwise affect any other deed of trust securing the Restructured Note.

3. Legal Description.  The legal description of the Property described on Exhibit A to the Deed of Trust is hereby amended and replaced in its entirety with the legal description set forth in **Exhibit A**, attached hereto and incorporated herein.

4. Miscellaneous.

    a. Governing Law. The laws of the State of Colorado shall govern the validity, construction, enforcement, and interpretation of this Modification, without regard to principles of conflicts of laws.

    b. Headings. The headings used in this Modification are for convenience only and shall be disregarded in interpreting the substantive provisions of this Modification.

    c. Enforceability. If any provision of this Modification shall be determined by a court of competent jurisdiction to be invalid, illegal or unenforceable, that portion shall be deemed severed therefrom, and the remaining parts shall remain in full force as though the invalid, illegal or unenforceable portion had never been a part hereof.

2

d. <u>Integrated Agreement</u>. This Modification, together with the Deed of Trust, and any other Loan Documents (as defined in the Restructuring Agreement), including all amendments thereto, comprises the complete and integrated agreement of the parties on the subject matter hereof and contain the entire understanding and agreement between the parties hereto, and all prior negotiations, agreements, and understandings, oral or written, are fully merged herein and superseded hereby.

e. <u>Modification</u>. This Modification shall not be modified except by written instrument executed by Grantor and Beneficiary.

f. <u>Counterparts</u>. This Modification may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original and all of which counterparts, taken together, shall constitute one and the same instrument.

g. <u>Successors and Assigns</u>. This Modification shall be binding upon the parties hereto and their respective successors, heirs, and assigns.

h. <u>No Assignment</u>. There shall be no assignment of the rights, obligations, or interests of the Grantor under this Modification without the prior written consent of Beneficiary.

i. <u>No Waiver</u>. In no event shall any of the parties be deemed to have waived or have agreed to an amendment of any provision of this Modification unless such waiver or amendment is acknowledged in a written instrument executed by the Parties and then only to the extent specifically and expressly set forth in said written instrument. No waiver by any of the Parties of any provision as applied in one context shall be construed as a waiver of any other provision of this Modification or of the same provision as applied to other contexts.

**[Signatures on the following pages]**

IN WITNESS WHEREOF, Grantor and Beneficiary have caused this Modification to be executed as of the day and year first written above.

Grantor:

DRALA MOUNTAIN CENTER (f/k/a Shambhala Mountain Center),
a Colorado non-profit corporation

By: _____
Name: _____
Its: _____


STATE OF COLORADO            )
                             ) ss.
COUNTY OF _____  )

The foregoing instrument was acknowledged before me this _____ day of _____ 2022, by _____ as _____ of Drala Mountain Center (f/k/a Shambhala Mountain Center), a Colorado non-profit corporation.

Witness my hand and official seal.

My commission expires: _____

_____
NOTARY PUBLIC

<u>Beneficiary</u>:

RH FUND XXII LLC,
a Nevada limited liability company

By: _____
Name: _____
Title: _____


STATE OF _____ )
                                         ) ss.
COUNTY OF _____ )

      The foregoing instrument was acknowledged before me this _____ day of _____ 2022, by _____ as the _____ _____ of RH Fund XXII LLC, a Nevada limited liability company.

Witness my hand and official seal.

My commission expires: _____


                                                            _____
                                                            NOTARY PUBLIC

### Exhibit A

Legal Description

THOSE PORTIONS OF SECTIONS 14 AND 23, TOWNSHIP 9 NORTH, RANGE 73 WEST OF THE SIXTH PRINCIPAL MERIDIAN, LARIMER COUNTY, COLORADO, DESCRIBED AS FOLLOWS:

THE NORTHEAST QUARTER OF SECTION 23, THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 23, AND THE NORTHWEST QUARTER OF THE NORTHWEST QUARTER OF SECTION 23;

AND ALSO, A TRACT OF LAND LOCATED IN SECTION 14 BEING MORE PARTICULARLY DESCRIBED AS:

CONSIDERING THE SOUTH LINE OF THE SOUTHEAST 1/4 OF SAID SECTION 14 AS BEARING NORTH 89 DEGREES 41 MINUTES 46 SECONDS EAST AND WITH ALL BEARINGS CONTAINED HEREIN RELATIVE THERETO; COMMENCING AT THE SOUTH 1/4 CORNER OF SAID SECTION 14; THENCE NORTH 00 DEGREES 51 MINUTES 48 SECONDS WEST, 952.17 FEET ALONG THE NORTH-SOUTH CENTER SECTION LINE OF SAID SECTION 14; THENCE SOUTH 79 DEGREES 59 MINUTES 00 SECONDS EAST, 1328.83 FEET; THENCE SOUTH 00 DEGREES 28 MINUTES 18 SECONDS EAST, 714.06 FEET ALONG THE NORTH-SOUTH CENTERLINE OF THE SOUTHEAST 1/4 OF SAID SECTION 14 TO THE SOUTH 1/4 CORNER OF THE SOUTHEAST 1/4 OF SAID SECTION 14; THENCE SOUTH 89 DEGREES 41 MINUTES 46 SECONDS WEST, 1300.14 FEET ALONG THE SOUTH SECTION LINE OF THE SOUTHEAST 1/4 OF SAID SECTION 14 TO THE BEGINNING POINT, THE SOUTH 1/4 CORNER OF SAID SECTION 14.

AND ALSO, THE SOUTH HALF OF THE SOUTHWEST QUARTER OF SECTION 14, EXCEPTING THEREFROM THE FOLLOWING PARCEL:

THAT PORTION OF THE SOUTH 1/2 OF THE SOUTHWEST 1/4 OF SECTION 14, DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHWEST CORNER OF THE SOUTH 1/2 OF THE SOUTHWEST 1/4 OF SAID SECTION 14, AND CONSIDERING THE WEST LINE OF SAID SOUTHWEST 1/4 OF SECTION 14 AS BEARING SOUTH 00 DEGREES 00 MINUTES 00 SECONDS WEST (WITH ALL BEARINGS HEREIN RELATIVE THERETO), THENCE SOUTH 00 DEGREES 00 MINUTES 00 SECONDS WEST, 884.12 FEET ALONG SAID LINE TO A POINT ON THE APPROXIMATE CENTERLINE OF LARIMER COUNTY ROAD 68-C; THENCE ALONG SAID APPROXIMATE CENTERLINE THE FOLLOWING COURSES AND DISTANCES:

NORTH 80 DEGREES 30 MINUTES 40 SECONDS EAST, 348.40 FEET; THENCE NORTH 71 DEGREES 29 SECONDS EAST, 319.00 FEET; THENCE SOUTH 87 DEGREES 34 MINUTES EAST 328.00 FEET; THENCE SOUTH 77 DEGREES 28 MINUTES EAST, 275.25 FEET; THENCE NORTH 77 DEGREES 45 MINUTES EAST 229.00 FEET TO A POINT OF

CURVE ON A NONTANGENT TO THE LEFT HAVING A RADIUS OF 500 FEET, A DELTA ANGLE OF 56 DEGREES 06 MINUTES 17 SECONDS, AN ARC LENGTH OF 489.61 FEET, AND BEING SUBTENDED BY A CHORD BEARING NORTH 46 DEGREES 00 MINUTES 24 SECONDS EAST, 470.28 FEET TO A NONTANGENT POINT OF TERMINUS; THENCE CONTINUING ALONG SAID APPROXIMATE CENTERLINE OF COUNTY ROAD 68-C, NORTH 16 DEGREES 15 SECONDS EAST, 115.00 FEET; THENCE LEAVING SAID CENTERLINE, SOUTH 77 DEGREES 34 MINUTES 04 SECONDS EAST, 530.24 FEET TO THE SOUTHEASTERLY CORNER OF THE TRACT DESCRIBED HEREIN; THENCE NORTH 00 DEGREES 00 MINUTES 00 SECONDS EAST, 411.50 FEET TO A POINT ON THE NORTH LINE OF SAID SOUTH 1/2 OF THE SOUTHWEST 1/4 OF SECTION 14; THENCE NORTH 89 DEGREES 36 MINUTES 35 SECONDS WEST, ALONG SAID NORTH LINE, 2354.67 FEET TO THE POINT OF BEGINNING;

AND ALSO, AN EASEMENT FOR THE CONSTRUCTION, OPERATION, REPAIR, AND MAINTENANCE OF WATER STORAGE FACILITIES FOR THE SUPPLY OF WATER TO THE DESCRIBED LAND, SAID EASEMENT BEING SITUATED IN THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 23, TOWNSHIP 9 NORTH, RANGE 73 WEST OF THE SIXTH PRINCIPAL MERIDIAN, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTH QUARTER CORNER OF SECTION 23, TOWNSHIP 9 NORTH, RANGE 73 WEST OF THE SIXTH PRINCIPAL MERIDIAN, THENCE ALONG THE NORTH-SOUTH CENTER LINE OF SAID SECTION 23, SOUTH 00 DEGREES 57 MINUTES 20 SECONDS EAST, A DISTANCE OF 2635.10 FEET, MORE OR LESS TO THE NORTHEAST CORNER OF THE SOUTHWEST QUARTER OF SAID SECTION 23; THENCE SOUTH 30 DEGREES 00 MINUTES 00 SECONDS WEST, 591.00 FEET TO THE TRUE POINT OF BEGINNING; THENCE SOUTH 00 DEGREES 00 MINUTES 00 SECONDS EAST, 300.00 FEET; THENCE SOUTH 90 DEGREES 00 MINUTES 00 SECONDS WEST, 300.00 FEET; THENCE NORTH 00 DEGREES 00 MINUTES 00 SECONDS EAST, 300.00 FEET; THENCE NORTH 90 DEGREES 00 MINUTES 00 SECONDS EAST 300.00 FEET TO THE TRUE POINT OF BEGINNING. COUNTY OF LARIMER, STATE OF COLORADO.

**After Recording Return To:**
RH FUND XXII, LLC
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169

## SIXTH MODIFICATION OF DEED OF TRUST

THIS SIXTH MODIFICATION OF DEED OF TRUST (this "**Modification**") is made effective as of _____, 2022, by and between DRALA MOUNTAIN CENTER (F/K/A SHAMBHALA MOUNTAIN CENTER), a Colorado non-profit corporation ("**Grantor**"), and RH FUND XXII LLC, a Nevada limited liability company (the "**Beneficiary**").

## RECITALS

A.      On or about July 29, 2015, the Grantor executed and delivered to Wells Fargo Bank, National Association ("**Wells Fargo**") that certain Consolidated Promissory Note with a principal balance of $4,150,000.00 (as from time to time modified, amended, extended and forbeared prior to the date hereof, the "**Original Note**").

B.      The Original Note is secured, in part, by that certain Deed of Trust from Grantor in favor of the Public Trustee of Larimer County, Colorado as the Trustee, for the benefit of Wells Fargo recorded December 27, 2005, at Reception No. 2005-0110080 of the real property records of Larimer County, Colorado, as amended and modified by the Modifications of Deed of Trust recorded August 6, 2015 at Reception No. 20150052008, July 31, 2017 at Reception No. 20170050473, November 21, 2018 at Reception No. 201800070784, and May 29, 2019 at Reception No. 20190028389 and August 8, 2019 at Reception No. 20190045992 (collectively the "**Deed of Trust**") granting a security interest in the property located in Larimer County, Colorado, at 5210 aka 5230 W County Road 68C, Red Feather Lakes, CO  80545 and as more particularly described in the Deed of Trust, and as described on **Exhibit A** attached hereto (the "**Property**").

C.      On or about May 11, 2021, Wells Fargo assigned, among other things, the Deed of Trust to Beneficiary.

D.      On February 28, 2022 (the "**Petition Date**"), Grantor filed voluntary petition for relief under subchapter V of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*., in the United States Bankruptcy Court for the District of Colorado (the "**Bankruptcy Court**"), styled as *In re Drala Mountain Center (f/k/a Shambhala Mountain Center)*, Case No. 22-10656-JGR (the "**Bankruptcy Case**").

E.      Pursuant to the *Debtor's Plan of Reorganization* [Docket No. __] (the "**Plan**"), which was approved by the Bankruptcy Court pursuant to the [*Order Confirming Debtor's Plan of Reorganization*] [Docket No. __] (the "**Confirmation Order**"), Grantor and Beneficiary are (i) entering into a Restructuring Agreement, dated as of even date herewith (as amended, restated, supplemented, or otherwise modified from time to time, the "**Restructuring Agreement**") and (ii) amending and restating

the terms of the Note by entering into an Amended and Restated Promissory Note dated as of even date herewith (as amended, restated, supplemented, or otherwise modified from time to time, the "**Restructured Note**").

F. The parties hereby desire to amend the Deed of Trust to incorporate the terms of the Note Amendment, and make other changes as set forth more specifically herein. Terms not defined herein shall be as defined in the Deed of Trust.

## AGREEMENTS

Now, therefore in consideration of the terms and conditions of this Modification, Grantor and Beneficiary agree as follows:

1. Maturity Date. The Maturity Date of the Original Note has been extended to the "Maturity Date" as defined in the Restructured Note, which such maturity date may be further extended without modification to the Deed of Trust.

2. Continued Lien. Grantor hereby acknowledges and agrees that the Deed of Trust, as herein amended, shall continue to secure the Restructured Note, in the same priority position as the Original Note. Grantor further acknowledges that this Modification does not amend, modify or otherwise affect any other deed of trust securing the Restructured Note.

3. Miscellaneous.

    a. Governing Law. The laws of the State of Colorado shall govern the validity, construction, enforcement, and interpretation of this Modification, without regard to principles of conflicts of laws.

    b. Headings. The headings used in this Modification are for convenience only and shall be disregarded in interpreting the substantive provisions of this Modification.

    c. Enforceability. If any provision of this Modification shall be determined by a court of competent jurisdiction to be invalid, illegal or unenforceable, that portion shall be deemed severed therefrom, and the remaining parts shall remain in full force as though the invalid, illegal or unenforceable portion had never been a part hereof.

    d. Integrated Agreement. This Modification, together with the Deed of Trust, and any other Loan Documents (as defined in the Restructuring Agreement), including all amendments thereto, comprises the complete and integrated agreement of the parties on the subject matter hereof and contain the entire understanding and agreement between the parties hereto, and all prior negotiations, agreements, and understandings, oral or written, are fully merged herein and superseded hereby.

    e. Modification. This Modification shall not be modified except by written instrument executed by Grantor and Beneficiary.

    f. Counterparts. This Modification may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original and all of which counterparts, taken together, shall constitute one and the same instrument.

    g. Successors and Assigns. This Modification shall be binding upon the parties hereto and

      their respective successors, heirs, and assigns.

h. <u>No Assignment</u>. There shall be no assignment of the rights, obligations, or interests of the Grantor under this Modification without the prior written consent of Beneficiary.

i. <u>No Waiver</u>. In no event shall any of the parties be deemed to have waived or have agreed to an amendment of any provision of this Modification unless such waiver or amendment is acknowledged in a written instrument executed by the Parties and then only to the extent specifically and expressly set forth in said written instrument. No waiver by any of the Parties of any provision as applied in one context shall be construed as a waiver of any other provision of this Modification or of the same provision as applied to other contexts.

**[Signatures on the following pages]**

IN WITNESS WHEREOF, Grantor and Beneficiary have caused this Modification to be executed as of the day and year first written above.

<u>Grantor</u>:

DRALA MOUNTAIN CENTER (f/k/a Shambhala Mountain Center),
a Colorado non-profit corporation

By: _____
Name: _____
Its: _____

STATE OF COLORADO          )
                           ) ss.
COUNTY OF _____)

The foregoing instrument was acknowledged before me this _____ day of _____ 2022, by _____ as _____ of Drala Mountain Center f/k/a Shambhala Mountain Center, a Colorado non-profit corporation.

Witness my hand and official seal.

My commission expires: _____

_____
NOTARY PUBLIC

<u>Beneficiary</u>:

RH FUND XXII LLC,
a Nevada limited liability company

By: _____
Name: _____
Title: _____


STATE OF _____ )
                                        ) ss.
COUNTY OF _____ )

       The foregoing instrument was acknowledged before me this _____ day of _____ 2022, by _____ as the _____ _____ of RH Fund XXII LLC, a Nevada limited liability company.

Witness my hand and official seal.

My commission expires: _____


                                                                       _____
                                                                       NOTARY PUBLIC

## Exhibit A

Legal Description

A TRACT OF LAND SITUATED IN THE SOUTHEAST QUARTER OF SECTION 15, TOWNSHIP 9 NORTH, RANGE 73 WEST OF THE 6TH P.M., COUNTY OF LARIMER, STATE OF COLORADO, WHICH CONSIDERING THE SOUTH LINE OF SAID SOUTHEAST QUARTER AS BEARING NORTH 87° 30' 00" WEST AND WITH ALL BEARINGS CONTAINED HEREIN RELATIVE THERETO IS CONTAINED WITHIN THE BOUNDARY LINES WHICH BEGIN AT THE SOUTHEAST CORNER OF SAID SECTION 15 AND RUN THENCE ALONG SAID SOUTH LINE NORTH 87° 30' 00" WEST 1335.05 FEET; THENCE NORTH 06° 51' 10" EAST 532.91 FEET TO A POINT ON THE CENTERLINE OF COUNTY ROAD NO. 68C; THENCE ALONG SAID CENTERLINE ALONG THE ARC OF A 990.00 FOOT RADIUS CURVE TO THE LEFT A DISTANCE OF 105.55 FEET, THE LONG CHORD OF WHICH BEARS SOUTH 80° 39' 46" EAST 105.50 FEET AND AGAIN SOUTH 83° 43' 01" EAST 226.70 FEET AND AGAIN SOUTH 82° 25' 25" EAST 295.37 FEET; THENCE NORTH 01° 12' 10" EAST 330.00 FEET; THENCE SOUTH 84° 52' 20" EAST 384.35 FEET; THENCE NORTH 01° 12' 10" EAST 296.49 FEET; THENCE SOUTH 89° 08' 25" EAST 275.00 FEET TO A POINT ON THE EAST LINE OF SAID SOUTHEAST QUARTER; THENCE ALONG SAID EAST LINE SOUTH 01° 12' 10" WEST 1094.58 FEET TO THE POINT OF BEGINNING, COUNTY OF LARIMER, STATE OF COLORADO.