## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>DRALA MOUNTAIN CENTER (f/k/a SHAMBHALA MOUNTAIN CENTER), a Colorado non-profit corporation<br><br>EIN: 84-1535130<br>　　　　　　　　　Debtor. | Chapter 11, Subchapter V<br><br>Case No. 22-10656-JGR |

### ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

This matter came before the Court on September 20, 2022, at 9:30 a.m. (Mountain Time) to consider confirmation of the Debtor's Plan of Reorganization (the "Plan")[1] [Docket No. 225] filed on July 28, 2022 by Drala Mountain Center (f/k/a Shambhala Mountain Center), as debtor and debtor-in-possession (the "Debtor") in the above-captioned case (this "Subchapter V Case"). Having reviewed and considered the evidence presented, the record of this Subchapter V Case, the presentation of counsel, and being otherwise fully advised in the premises, after notice and a hearing, the Bankruptcy Court finds and concludes as follows:

### FINDINGS OF FACTS & CONCLUSIONS OF LAW[2]

**A.     Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[3] and the Federal Rules of Bankruptcy Procedure

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.

[3] The term "Bankruptcy Code" or "Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

(the "Bankruptcy Rules"). Confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L).

B. **Venue**. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. As evidenced by the *Affidavit of Service* [Docket No. 228], due, adequate, and sufficient notice of the Plan and the *Order Setting Hearing on Confirmation of Drala Mountain Center's Subchapter V Plan and Notice of Deadlines* [Docket No. 226] (the "Confirmation Scheduling Order") were served upon (i) the United States Trustee for Region 19 (the "U.S. Trustee"), Patrick S. Layng, United States Trustee, U.S. Department of Justice, Office of the U.S. Trustee, 1961 Stout St., Ste 12-200, Denver, CO 80294-1961 (Attn: Samuel Boughner), Email: Samuel.Boughner@usdoj.gov; (ii) the Subchapter V trustee (the "Subchapter V Trustee"), Joli Lofstedt, E-mail: Joli@jaltrustee.com, (iii) RH Fund XXII, LLC and Red Hills Holdings, LLC (collectively, "Red Hills"), 3753 Howard Hughes Pkwy, Suite 200-728, Las Vegas, NV 89169, Attn.: Bobby Barnett, Email: bbarnett@RedHillsHoldings.com; (iv) counsel to Red Hills, Moye White LLP, 1400 16th Street, 6th Floor, Denver, Colorado, 80202-1486, Attn: Tim Swanson, Email: tim.swanson@moyewhite.com; (v) counsel to Shambhala USA, Kutner Brinen Dickey Riley, P.C., 1660 Lincoln Street, Suite 1720, Denver, CO 80264, Attn: Jonathan M. Dickey, Email: jmd@kutnerlaw.com; (vi) Internal Revenue Service, Centralized Insolvency Operation, P.O. Box 7346, Philadelphia, PA 19101-7346; (vii) Colorado Department of Revenue, Attn: Bankruptcy Dept, RM 104, 1881 Pierce Street, Denver, CO 80214; (viii) Larimer County Treasurer, 200 W. Oak Street, Suite 2100, Fort Collins, CO 80521, Email: lctreasurer@larimer.org; (ix) U.S. Attorney's Office, District of Colorado, 1801 California Street #1600, Denver, CO 80202; (x) Attorney General of Colorado, 1300 Broadway, 8th Floor, Denver, CO 80203; (xi) U.S. Environmental Protection Agency Region 8, Bankruptcy

Coordinator, Legal Enforcement Program, 8 ENF-L, 1595 Wynkoop Street, Denver, CO 80202; (xii) all known creditors, including all creditors entitled to vote on the Plan; and (xiii) all other parties who have requested notice (collectively, the "Notice Parties"). Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the Bankruptcy Rules, were adequate and reasonable under the circumstances of this Subchapter V Case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D. **No Objections to Confirmation**. The Debtor, the Subchapter V Trustee, counsel to the Debtor, and counsel to Red Hills were present at the confirmation hearing. No objections were filed to the Plan prior to the objection deadline set forth in the Confirmation Scheduling Order.

E. **Voting**. As evidenced by the *Debtor's Summary Report on Ballots and Plan Objections* [Docket No. 239] (the "Voting Report") and the *Declaration of Michael Gayner in Support of Confirmation of Debtor's Plan of Reorganization* [Docket No. 248] (the "Confirmation Declaration"), votes to reject or accept the Plan have been solicited and tabulated fairly, in good faith and in a manner consistent with the Confirmation Scheduling Order, the Bankruptcy Code, and the Bankruptcy Rules.

F. **Proper Classification of Claims and Designation of Classes - 11 U.S.C. §§ 1122 and 1123(a)(1)**. The Plan adequately and properly identifies, classifies, and designates seven classes of claims, including a class of Administrative Convenience Claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each

such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the classes of claims created under the Plan, and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable. Accordingly, the Plan satisfies 11 U.S.C. § 1122 and 1123(a)(1).

      **G.** **Specified Unimpaired Classes - 11 U.S.C. § 1123(a)(2)**. The Plan specifies that Classes 1, 3, 4, and 7 are not impaired under the Plan. Accordingly, the Plan satisfies 11 U.S.C. § 1123(a)(2).

      **H.** **Specified Treatment of Impaired Classes - 11 U.S.C. § 1123(a)(3)**. The Plan specifies (i) that Classes 2, 5, and 6 are impaired under the Plan and (ii) the treatment for each such impaired class. Accordingly, the Plan satisfies 11 U.S.C. § 1123(a)(3).

      **I.** **No Discrimination - 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest. Pursuant to the Plan, SUSA has elected less favorable treatment of its SUSA Claim pursuant to the terms of the Restructured SUSA Note, conditioned upon the correction of the Deed of Trust Error by the submission for recordation of the Amendments to Deeds of Trust. Accordingly, the Plan satisfies 11 U.S.C. § 1123(a)(4).

      **J.** **Implementation of the Plan - 11 U.S.C. § 1123(a)(5)**. Article C and other provisions of the Plan provide adequate means for the Plan's implementation. Accordingly, the Plan satisfies 11 U.S.C. § 1123(a)(5).

      **K.** **Equity Securities - 11 U.S.C. § 1123(a)(6)**. Section 1123(a)(6) of the Bankruptcy Code is inapplicable to this Subchapter V Case as the Debtor is a nonprofit corporation and has not issued any equity securities.

L.  **Interests of the Creditors & Public Policy - 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and with public policy with respect to the manner of selection of the Debtor's executive director and chief financial officer under the Plan. Accordingly, the Plan satisfies 11 U.S.C. § 1123(a)(7).

M.  **Additional Plan Provisions - 11 U.S.C. § 1123(b)(6)**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code. Accordingly, the Plan satisfies 11 U.S.C. § 1123(b)(6).

N.  **Bankruptcy Rule 3016(a)**. The Plan reflects the date it was filed with this Court and identifies the Debtor as the Plan proponent. Accordingly, the Plan satisfies Bankruptcy Rule 3016(a).

O.  **Principal Purpose of the Plan - 11 U.S.C. § 1129(d)**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. Accordingly, the Plan satisfies 11 U.S.C. § 1129(d).

P.  **Subchapter V Plan Requirements - 11 U.S.C. § 1189**. The Debtor filed the Plan within the time prescribed by the Bankruptcy Court pursuant to the *Order Granting Motion for Extension of Time to File Subchapter V Plan* [Docket No. 206] and *Order Granting Second Motion for Extension of Time to File Subchapter V Plan* [Docket No. 223]. Accordingly, the Plan satisfies 11 U.S.C. § 1189.

Q.  **Contents of a Subchapter V Plan - 11 U.S.C. § 1190**. The Plan includes: (1) a brief history of the business operations of the Debtor; (2) a liquidation analysis; and, (3) projections with respect to the ability of the Debtor to make payments under the Plan. The Plan provides for substantial consummation of the Plan promptly following entry of this Confirmation Order and therefore, the submission of future earnings or other future income of the Debtor to

the supervision and control of the Subchapter V Trustee is not necessary for the execution of the Plan. Accordingly, the Plan satisfies 11 U.S.C. § 1190.

  R. **Satisfaction of Conditions - 11 U.S.C. § 1191(a)**. This Court finds that the Plan satisfies the applicable requirements of 11 U.S.C. § 1129(a) and is confirmed under 11 U.S.C. § 1191(a). With respect to the applicable provisions of § 1129(a), this Court finds and concludes as follows:

    1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent have complied with the applicable provisions of the Bankruptcy Code. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(1) and (a)(2).

    2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law, which is evident from the facts and records of this Subchapter V Case, the Voting Report, the Confirmation Declaration, and the record of the confirmation hearing and other proceedings held in this Subchapter V Case. The Plan was proposed with the legitimate and honest purpose of rehabilitating the Debtor so that the Debtor may continue to operate as a viable nonprofit. The Plan was negotiated in good faith and at arms-length among the Debtor, Red Hills, and Shambhala USA. Red Hills, Shambhala USA, and all other creditors entitled to vote on the Plan support the confirmation of the Plan. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(3).

    3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with this Subchapter V Case, or in connection with the Plan and incident to this Subchapter

V Case, has been approved by, or is subject to the approval of, this Court as reasonable. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(4).

4. **11 U.S.C. § 1129(a)(5)**. The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or an officer of the Debtor. The appointment to, or continuance in, such offices of such individuals, is consistent with the interests of creditors and with public policy. The Debtor has disclosed the identity of Michael Gayner, as executive director, and Kevin Suh, as chief financial officer, and the nature of compensation of such officers. The Debtor has disclosed the identities of its post-confirmation directors, none of whom receive compensation for their service as directors. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(5).

5. **11 U.S.C. § 1129(a)(6)**. Section 1129(a)(6) of the Bankruptcy Code is not applicable in this Subchapter V Case because the Debtor's nonprofit mission does not involve the establishment of rates over which any regulatory commission has jurisdiction or will have jurisdiction after confirmation of the Plan.

6. **11 U.S.C. § 1129(a)(7)**. The "best interests" test is only applicable to the holders of claims in Classes 2, 5, and 6 that have not accepted the Plan. The Plan provides that, with respect to each such impaired class of claims, each holder of a claim of such class has accepted the Plan, or will receive or retain under the Plan, on account of such claim, property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if

the Debtor was liquidated under chapter 7 of this title on such date. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(7).

7. **11 U.S.C. § 1129(a)(8) and (10)**. Classes 1, 3, 4, and 7 are unimpaired under the Plan and conclusively presumed to have accepted the Plan, pursuant to 11 U.S.C. § 1126(f). Classes 2, 5, and 6 have each voted to accept the Plan in accordance with 11 U.S.C. § 1126(c), determined without including any acceptance of the Plan by any insider. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(8) and (10).

8. **11 U.S.C. § 1129(a)(9)**. The Plan provides that the Priority Tax Claim will be paid in accordance with 11 U.S.C. § 1129(a)(9)(C)(i) and allowed administrative expense claims will be paid in accordance with 11 U.S.C. § 1129(a)(9)(A). The treatment of the Priority Tax Claim and allowed administrative expense claims satisfies the requirement of 11 U.S.C. § 1129(a)(9).

9. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, the Reorganized Debtor, or any successor thereof under the Plan. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(11).

10. **11 U.S.C. § 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930, that are owed on or before the Effective Date have been paid or, as provided by the Plan, will be paid on the Effective Date. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(12).

11. **11 U.S.C. § 1129(a)(13)**. Section 1129(a)(13) of the Bankruptcy Code is inapplicable to this Subchapter V Case because the Debtor is not

obligated to provide any retiree benefits (as defined in section 1114 of the Bankruptcy Code) under any plan, fund, or program maintained prior to the Petition Date.

12. **11 U.S.C. § 1129(a)(14)**. Section 1129(a)(14) of the Bankruptcy Code is inapplicable to this Subchapter V Case because the Debtor is not required to pay any domestic support obligations pursuant to either order or statute.

13. **11 U.S.C. § 1129(a)(15)**. Section 1129(a)(15) of the Bankruptcy Code is inapplicable to this Subchapter V Case because the Debtor is not an individual.

14. **11 U.S.C. § 1129(a)(16)**. All transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a Colorado nonprofit corporation. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(16).

Accordingly, the Bankruptcy Court **ORDERS**:

1. **Confirmation**. The Plan satisfies the Bankruptcy Code requirement for confirmation of Subchapter V plan in all respects. The Plan is confirmed under 11 U.S.C. § 1191(a).

2. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in 11 U.S.C. §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date bind the Debtor and any creditor, whether or not the claim of such creditor is impaired under the Plan and whether or not such creditor has accepted the Plan.

3. **Re-vesting of Property**. As of the Effective Date, under 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, all of the property of the estate vests in the Reorganized Debtor, and, under 11 U.S.C. § 1141(c), except as otherwise provided in the Plan, in the Plan Restructuring Documents, or in this Confirmation Order, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

4. **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its nonprofit and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals for post-confirmation services without the necessity of further approval of this Bankruptcy Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Bankruptcy Court approval.

5. **Injunction and Discharge**. Because the Plan is confirmed under section 1191(a), the Debtor shall be discharged on the Effective Date as provided in Section K.11(a) of the Plan. The discharge, exculpation and injunction provisions in Section K.11(a), K.12 and K.13(a) of the Plan are (i) fair, equitable, reasonable, and in the best interests of the Debtor, its estate, and holders of claims; (ii) deemed incorporated in this Confirmation Order as if set forth in full herein; and (iii) approved as an integral part of the Plan.

6.  **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

7.  **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Bankruptcy Court, all executory contracts and unexpired leases shall be assumed by the Debtor and Reorganized Debtor as provided in Section H of the Plan. The Debtor has exercised reasonable business judgment in determining to assume its executory contracts and unexpired leases.

8.  **Authorization to Consummate Plan.** Notwithstanding Bankruptcy Rule 3020(e), but subject to the Plan, the Bankruptcy Court authorizes the Debtor to consummate the Plan upon entry of this Confirmation Order.

9.  **Service of Confirmation Order**. The Debtor is directed to serve a copy of this Confirmation Order on all Notice Parties and file a certificate of service within five (5) days of the entry of this Confirmation Order.

10. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior orders of this Bankruptcy Court.

11. **Substantial Consummation**. Substantial consummation of the Plan shall be deemed to occur upon the Effective Date.

12. **Discharge of the Subchapter V Trustee**. The Subchapter V Trustee shall be discharged on the Effective Date.

13. **Correction of Deed of Trust Error**. To the extent that the Deed of Trust Error is not corrected by the Debtor's entry into the Amended Red Hills Loan Documents, entry of this Confirmation Order shall be deemed affirmatively to correct the Deed of Trust Error.

14. **Jurisdiction**. Until this Subchapter V Case is closed, this Bankruptcy Court shall retain jurisdiction to ensure that the purpose and intent of the Plan are carried out. The Bankruptcy Court shall retain jurisdiction to hear and determine the following:

   a. the classification of the claim of any creditor and the re-examination of claims which have been Allowed for purposes of voting and the determination of such objections as may be filed against creditors' claims;

   b. the determination of all questions and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of confirmation between the Debtor and any other party, included but not limited to any rights of parties in interest to recover assets pursuant to the provisions of the Bankruptcy Code;

   c. the correction of any defect, the curing of any omission or the reconciliation of any inconsistency in the Plan or this Confirmation Order as may be necessary to carry out the purposes and intent of the Plan;

   d. the correction of the Deed of Trust Error;

    e. the modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code;

    f. the enforcement and interpretation of the terms and conditions of this Plan, including but not limited to questions relating to the scope of the injunction and its application to Enjoined Claims;

    g. the entry of an order, including injunctions, necessary to enforce the title rights and powers of parties in interest and to impose such limitations, restrictions, terms and conditions of such title rights and powers as this Bankruptcy Court may deem necessary; and

    h. the entry of an order concluding and terminating this Subchapter V Case.

DATED: September __20__, 2022      BY THE BANKRUPTCY COURT:

_____
HON. JOSEPH G. ROSANIA, JR.
United States Bankruptcy Judge